THE KNOX-RAPHAEL LAW FIRM
LAURA KNOX-RAPHAEL (SBN 130334)
9210 IRVINE CENTER DRIVE
IRVINE, CALIFORNIA 92618
PHONE: (949) 660-1609
FACSIMILE: (949) 660-1647
EMAIL ADDRESS: LKNOX@KNOXRAPHAEL-LAW.COM

Attorneys for Plaintiff PREMIER DISPLAYS & EXHIBITS, INC., A California Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PREMIER DISPLAYS & EXHIBITS, INC., A California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID COGSWELL, An Individual; COGSWELL DESIGN, INC., A California Corporation; DISPLAY FABRICATION GROUP, INC., A California Corporation; EWI WORLDWIDE, aka, PRESENTATION WORKS, INC., aka EXHIBITS WORKS, INC., A Michigan Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: SACV09-0354JVS(AnX)<br><br>**FIRST-AMENDED COMPLAINT OF PLAINTIFF PREMIER DISPLAYS & EXHIBITS, INC. FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **MISAPPROPRIATION OF TRADE SECRETS (Civ.C. § 3426, *et seq.*);**<br>3. **FALSE ADVERTISING (Cal. B&PC. § 17500); and**<br>4. **UNFAIR COMPETITION (Cal. B&PC. § 17200)**<br><br>**AND DEMAND FOR JURY TRIAL.** |

COMES NOW, Plaintiff PREMIER DISPLAYS & EXHIBITS, INC., A California Corporation, and for causes of action against Defendants and each of them, hereby complains of Defendants and each of them, as follows.

**GENERAL ALLEGATIONS**

1.      This is an action for damages and injunctive relief.

1

2.     Plaintiff PREMIER DISPLAYS & EXHIBITS, INC., A California Corporation (hereinafter "Plaintiff" or "Premier"), is a corporation duly organized and existing under the laws of the State of California, with a principal place of business in the City of Cypress, County of Orange, State of California.

## PARTIES

3.     At all times herein mentioned, Defendant DISPLAY FABRICATION GROUP, INC., A California Corporation (hereinafter "DFG"), was and is a corporation duly organized and existing under the laws of the State of California, with a principal place of business in the City of Cypress, County of Orange, State of California.

4.     At all times herein mentioned, Defendant DAVID COGSWELL (hereinafter "Cogswell") was and is an individual and a resident of the County of Orange, State of California.

5.     At all times herein mentioned, Defendants COGSWELL DESIGN, INC., A California Corporation (hereinafter "Cogswell Design"), and DISPLAY FABRICATION GROUP, INC., A California Corporation, were and are corporations duly organized and existing under the laws of the State of California, with principal places of business in the Cities of Orange and Cypress, respectively, County of Orange, State of California.

6.     At all times herein mentioned, Defendant EWI WORLDWIDE, aka, PRESENTATION WORKS, INC., aka EXHIBITS WORKS, INC. (hereinafter "EWI"), A Michigan Corporation, was and is a corporation duly organized and existing under the laws of the State of Michigan, which has not qualified to do business and has been doing business within the State of California, with a principal place of business in California in the City of Foothill Ranch, County of Orange, State of California.

7.     Plaintiff is presently ignorant of the true names and capacities of the Defendants sued herein as DOES 1 to 100, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when that information is ascertained.  Plaintiff is informed and

believes and, based on that information and belief, alleges that each such fictitiously named Defendant is legally responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages were proximately caused by each such Defendant's actions.

8.   Plaintiff is informed and believes and, based on this information and belief, alleges that Defendants, and each of them, were the agents, servants and employees of their Co-Defendants, and in doing the things herein alleged were acting within the course, scope, purpose, and authority of such agency and employment with the full knowledge, permission and consent of each of their co-Defendants.

9.   Plaintiff is informed and believes, and based thereupon alleges that at all times mentioned herein each of the Defendants, including Defendant Does 1 through 50, inclusive, and each of them were the agents, servants, employees, representatives of each of the remaining Defendants and were at all times material hereto acting within the authorized course and scope of said agency, service, employment and/or representation, and/or that all of said acts, conduct and omissions were subsequently ratified by their respective principals and the benefits thereof accepted by such principals.  Plaintiff further is informed and believes and thereon alleges that all of the Defendants conspired to commit the acts and omissions complained of herein as part of a common plan and design to benefit the Defendants, and each Defendant further committed one or more acts or omissions in furtherance thereof, as a legal result of which Plaintiff sustained damages and injury as further alleged herein.

## JURISDICTION AND VENUE

10.   This action consists of claim for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, as a result of which this Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1338(a).  In addition to copyright infringement, this action also includes causes of action under California state law and this Court has supplemental jurisdiction over California state law claims pursuant to 28 U.S.C. § 1367(a).

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

13.    At all times herein mentioned, Plaintiff Premier is a designer, producer, manufacturer, industrial retailer and logistical manager of custom displays and exhibits for use by the nation's Fortune 500 corporations at public and industry trade shows throughout the world, for the purposes of displaying their products and services.  Such customers of Premier include, but are not limited to, Nike, Epson, Buena Vista Games (a division of the Walt Disney Company), LucasArts, Spyder, and NYKO.

14.    At all times herein mentioned, Defendants Cogswell, DFI, EWI, and DOES 1 through 50, inclusive, were and are business competitors of the Plaintiff both locally and worldwide.

15.    On or about November 23, 2004, Plaintiff and Defendant Cogswell ("Cogswell") entered into a written employment agreement (hereinafter "Employment Contract") by and through which Cogswell was hired as a full time salaried employee of Premier, with the title of Creative Designer/Account Manager, to act as a designer of custom displays and exhibits for Premier for retail sale to Premier's industrial customers.  The agreement provided, *inter alia,* that Cogswell "would abide by all rules and regulations of the employer" as set forth, *inter alia,* in Premier's "Employee Orientation Handbook." The Employee Orientation Handbook in turn provided, *inter alia,* that any and all intellectual property of Premier furnished to Cogswell was solely provided by Premier's at its discretion to assist in Defendant  Cogswell's performance of his employment for Premier, and that any other use or removal of such intellectual property of Premier, including "data, drawings, designs, plans, software, images or confidential material" from Premier's premises "was strictly forbidden without management's approval."  The Employee Orientation Handbook further provided that "information on the Company's production methods, production rates, and new product ideas would be very helpful to any competitor and not in our best interests."  While the Employee Orientation Handbook provided that work

5

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC., AND JURY TRIAL DEMAND

11.    Venue in this District is proper pursuant to 28 U.S.C. § 1391 and 1400(a).

## THE COPYRIGHTED WORKS

12.    The copyrighted works at issue in this complaint consist of the following: (A) nine (9) photographs authored by Padgett and Company, Inc. of Chicago, Illinois, and exclusively licensed to Plaintiff, consisting of photographs of trade show displays and exhibits designed and manufactured by Plaintiff for its clients Nike/Brand Jordan ("Nike") and Spyder Active Sports ("Spyder") (Exhibit 1 hereto); (B) sixteen (16) photographs authored by Plaintiff consisting of photographs of trade show displays and exhibits designed and manufactured by Plaintiff for its clients The Walt Disney Company for Buena Vista Games, Inc. ("BVG"), LucasArts, Epson America, Inc. ("Epson"), NYKO Technologies, Inc. ("NYKO"), Jezign, The Ultra Productions and the California Avocado Commission (Exhibit 2); and (c) a three-dimensional video animated presentation of aggregated displays and exhibits designed and manufactured by Plaintiff for its client BVG (a disk of which is attached hereto as Exhibit 3). (hereinafter "Copyrighted Works"). Plaintiff possesses a written, exclusive license issued by Padgett and Company, Inc. to use those nine (9) photos among the Copyrighted Works identified as Exhibit 1.    The Copyrighted Works were taken/prepared between 2004 and 2008, and compiled in an online catalogue for future use in an internet catalogue during the period from 2004 through 2008. The nine (9) photographs attached as Exhibit 1 were duly registered with the U.S. Copyright Office effective March 5, 2009 and bear the registration number VAU 979-726. The sixteen (16) photographs attached as Exhibit 2 were duly registered with the U.S. Copyright Office effective March 5, 2009 and bear the registration number VAU 979-727.   The video attached as Exhibit 3 was duly registered with the U.S. Copyright Office effective April 9, 2009 and bears the registration number PAU 338-1310.   True and correct copies of said registration certificates are attached hereto as Exhibits 4 through 6, respectively.

///

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC., AND JURY TRIAL DEMAND

outside Defendant Cogswell's regular full-time employment was not prohibited, any such outside work that was harmful to the Company's best interests or which presented a current or potential future conflict of interest with his employment for Premier, including working for competitors of Premier without management notification and consent in advance, was prohibited. The Employee Orientation Handbook further provided that "[t]he use of the Company's internet access for personal gain or for non-job related activities is strictly forbidden." The Employee Orientation Handbook further provided that "[t]heft or unauthorized use of Company property" constituted grounds for discipline, including termination for cause.

16.    Implied in the Employment Contract was a covenant of good faith and fair dealing whereby each of the parties agreed that they would do nothing to interfere with the rights of the other parties to receive the fruits of the benefits of said written contract.

17.    During the full-time employment of Defendant Cogswell, Defendants were furnished by Plaintiff with substantial intellectual property, resources, designs, templates, ideas, equipment, and tools of Premier (including but not limited to the Copyrighted Works), as well as unfettered access to Premier's customer and clients lists and access to the Clients themselves (hereinafter "trade secrets"), in order to assist Defendant Cogswell in the performance of his full-time employment for Premier.

18.    Such trade secrets derived independent economic value from not being generally known to the public or to others who could obtain economic value from their disclosure or use and were the subject of efforts that were reasonable under the circumstances to maintain their secrecy. As set forth above, Defendant Cogswell's continuing employment with Plaintiff was contingent upon said Defendant's maintaining the secrecy and confidentiality of said trade secrets and not disclosing or using such trade secrets for the benefit of Plaintiff's competitors.

19.    Prior to April 1, 2008, Plaintiff had performed all terms, conditions and

covenants, required to be performed on its part under the Employment Contract, except as to those terms, conditions and covenants, which had been waived, excused and/or discharged.

20.     On April 1, 2008, Plaintiff Premier terminated the employment of Defendant Cogswell for cause after Plaintiff discovered that Defendant Cogswell had been secretly working, without advance notice or consent of Plaintiff Premier, for competitors of Premier, including but not limited to Defendants EWI, and DOES 1 through 20, inclusive, while Defendant Cogswell's wife was employed for Defendant EWI at that time, enabling Defendant EWI to sell competing designs and displays to Disney, an active client of Plaintiff Premier, using Premier's intellectual property misappropriated by Defendant Cogswell.  Unbeknownst to Plaintiff at that time, Defendants Cogswell and DOES 1 through 20, inclusive, had also secretly downloaded, expropriated and misappropriated, for their own purposes in competing against Premier, the Copyrighted Works, Plaintiff's trade secrets, as well as other designs, drawings, and intellectual property of Premier, as well as customer and vendor lists of Premier, all of which were the sole and exclusive intellectual property and trade secrets of Premier, without prior notice to or the consent of Premier, in violation of the express terms of the Employment Contract.  The foregoing acts of secret competition by Defendants and each of them against Premier, as well as acts of expropriation and misappropriation of the Copyrighted Works, trade secrets, as well as other aforementioned intellectual property and customers and vendor lists of Premier, were a material breach of the Employment Contract, and of the covenant of good faith and fair dealing implied therein.

21.     Shortly after April 1, 2008, Plaintiff Premier discovered that Defendants Cogswell and DOES 1 through 20, inclusive, had established designer/member pages on internet websites styled "coroflot.com" and "linkedin.com" in which Defendant Cogswell set forth therein and in links to Defendant Cogswell's own website, and in which Defendants and each of them publicly displayed the Copyrighted Works falsely

7

asserting, both expressly and impliedly, that the contents of the Copyrighted Works originated with and were owned by Defendants and each of them.

22.     The contents of the Defendants' aforementioned website pages and interlinked websites further contained alleged "testimonials" from clients of Plaintiff, which were false and deceptive to the public, and in some cases were outright fabrications.

23.     On May 28, 2008, by and through its counsel of record at the time, Plaintiffs demanded in writing that Defendants cease and desist using the Copyrighted Works and making other false statements in these online website pages and links thereto.

24.     In response to the May 28, 2008 cease and desist letter, Defendant Cogswell did in fact remove the Copyrighted Works, and false and misleading testimonials as demanded by Plaintiff.

25.     On or about June 12, 2008, Defendant Cogswell incorporated and established Defendant Cogswell Design.  The portfolio screen for Defendant Cogswell Design's website boasts of having worked on design projects that include trade show exhibits, theme park attractions, etc.  The website for Defendant Cogswell Design further reflects a reposting of all of the Copyrighted Works as to which Defendants and each of them have asserted authorship and ownership , and false and misleading testimonials, and press about said Copyrighted Works.

26.     In or about January, 2009, Plaintiff discovered that Defendant Cogswell had restored all of the aforementioned offending and misleading website pages and links to Defendant Cogswell Design's website reposting all of the Copyrighted Works as to which Defendants and each of them have asserted authorship and ownership, and false and misleading testimonials, and press.  The outright and implied misrepresentation(s) of the identity of alleged clients of Defendant Cogswell and Defendant Cogswell Design and alleged projects designed by Defendants Cogswell and Cogswell Design are intended to garner and steal existing clients and/or commerce

from Plaintiff as upcoming annual trade shows, involving Plaintiff's customers, are rapidly approaching, including but not limited to, the June 2 - 4, 2009 Electronic Entertainment Expo at the Los Angeles Convention Center, and the July 23 - 26, 2009 Comic-Con International at the San Diego Convention Center, and the August 31, 2009 through September 2, 2009 MAGIC Apparel Show in Las Vegas, Nevada.

27.     Within one year prior to the filing of this action, Plaintiff further discovered that Defendant Cogswell had misappropriated trade secrets from the Plaintiff and has himself exploited and furnished such trade secrets to competitors of the Plaintiff for use and exploitation in commerce and direct competition against Plaintiff including, but not limited to, Defendants Cogswell Design, DFG, EWI , and DOES 1 through 50, inclusive.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

28.     Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1 through 27, above, as though fully set forth herein.

29.     Defendants and each of them have published online catalogues promoting and displaying the copyrighted works of Plaintiff.

30.     By letter dated May 28, 2007 (Exhibit 7) Plaintiff demanded, *inter alia*, that Defendants and each of them cease and desist in the use of the Copyrighted Works on their websites . After briefly removing the Copyrighted Works, Defendants and each of them restored to their websites the Copyrighted Works without notice to Plaintiff and without Plaintiff's consent. Defendants and each of them have thus willfully infringed upon and continue willfully to infringe upon, the Copyrighted Works pursuant to 17 U.S.C. § 101, *et seq.*

31.     Plaintiff is informed and believes that Defendants and each of them through (1) their right  and ability to supervise the infringing conduct; and (b) their obvious and direct financial interests in the exploitation of the Copyrighted Works, are vicarious liable for the unlawful infringing conduct of each of the other

Defendants and each third party as alleged hereinabove.

32.    Plaintiff is further informed and believes that Defendants, acting with knowledge of infringing activity, induced, caused, or materially contributed to the infringing activity and is contributorily liable for the unlawful infringing conduct of each of the other Defendants and each third parties as alleged hereinabove.

33.    As a direct and legal result of the Defendants' infringement, Plaintiff has suffered actual and statutory damages and lost profits in an amount which is presently unknown, but which shall be determined according to proof at trial, pursuant to 17 U.S.C. § 504.

34.    The Defendants' acts of infringement are further causing irreparable injury to Plaintiff and thus Plaintiff is thus entitled to temporary, preliminary, and permanent injunctive relief injunctive relief restraining the Defendants and each of them, as well as their officers, agents, employees, and all other persons acting in concert with them, from engaging in and from continuing to engage in infringing acts in violation of the U.S. copyright laws, pursuant to 17 U.S.C. § 502.

35.    Plaintiff is further entitled to recover from Defendants its costs and reasonable attorneys expended in bringing this action, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets Against All Defendants
### - UTSA [Civ.C. § 3426, *et seq.*])

36.    Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 28 through 35 of the First Claim for Relief,, above, as though fully set forth herein.

37.    Defendants' continuing use and exploitation of Plaintiff's trade secrets, without the express or implied consent of Plaintiff and which were acquired secretly and with a duty to limit their use solely to Defendant Cogswell's employment with Plaintiff, constitutes a knowing and intentional misappropriation of Plaintiff's trade secrets, actionable under California's Uniform Trade Secrets Act, UTSA - Civ.C. §

3426, *et seq.*

38.     As a direct and legal consequence of the foregoing acts of trade secret misappropriation of Plaintiff's trade secrets, Plaintiff has suffered damages in an amount which is presently unknown and which shall be proved at trial, which includes, but is not limited to, lost profits, the profits of the Defendants, and each of them, any unjust enrichment, a reasonable royalty and any other damages and monetary relief provided for by Cal.Civ.C. § 3426.3, and California law.

39.     Plaintiff is further informed and believes that Defendants and each of them through (1) their right and ability to supervise the misappropriation; and (b) their obvious and direct financial interests in the misappropriation of the Plaintiff's trade secrets, are vicarious liable for the unlawful misappropriation of each of the other Defendants and each third party as alleged hereinabove.

40.     Plaintiff is further informed and believes that Defendants, acting with knowledge of misappropriation activity, induced, caused, or materially contributed to the misappropriation and is contributorily liable for the unlawful misappropriation of Plaintiff's trade secrets by each of the other Defendants and each third parties as alleged hereinabove.

41.     The Defendants' acts of misappropriation are causing irreparable injury to Plaintiff, plaintiff has no other plain, adequate or speedy remedy at law, and thus temporary, preliminary, and permanent injunctive relief restraining the Defendants and each of them, as well as their officers, agents, employees, and all other persons acting in concert with them, from engaging in, and continuing to engage in, such misappropriation, is necessary and proper pursuant to Cal. Civ.C. § 3426.2.

42.     The actions of Defendants Cogswell and on information and belief the other Defendants and each of them, were willful, malicious, fraudulent and oppressive, were despicable and undertaken with an intent to visit financial and economic harm upon the Plaintiff, and/or with a conscious disregard of Plaintiffs rights and, accordingly, an award of punitive damages against the Defendants and

each of them to punish Defendants and deter such conduct in the future, pursuant to Cal. Civ.C. §§ 3426.3( c), and 3294( c).

## THIRD CLAIM FOR RELIEF

### (Unfair Competition - B&P.C. § 17200  Against All Defendants)

43.     Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 36 through 42 of the Second Claim for Relief, above, as though fully set forth herein.

44.     The aforementioned unfair, unlawful and fraudulent business practices of the Defendants, and each of them, have caused harm and injury in fact to Plaintiff, including loss of money as alleged hereinabove, and constitutes unfair competition proscribed by California Business & Professions Code ("B&P.C.") §17200.

45.     The Defendants' acts of unfair competition are causing irreparable injury to Plaintiff, who has no other plain, adequate or speedy remedy at law, and thus Plaintiff is entitled to temporary, preliminary and permanent injunctive relief restraining the Defendants and each of them, as well as their officers, agents, employees, and all other persons acting in concert with them, from engaging in, and continuing to engage in, such unfair competition, is necessary and proper pursuant to Cal. B&P.C. § 17203.

46.     Plaintiff also seeks restitution of sums lost pursuant to said unfair competition, as well as attorneys fees as may be permitted pursuant to C.C.P. § 1021.5.

## FOURTH CLAIM FOR RELIEF

### (False Advertising - B&P.C. § 17500 Against Defendants COGWELL and COGSWELL DESIGN)

47.     Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 43 through 46 of the Third Claim for Relief, above, as though fully set forth herein.

48.     Defendants Cogswell and Cogswell Design, and DOES 26 through 50,

inclusive, have falsely expressly and impliedly represented in their respective multiple websites, *inter alia*, that:

    A.    All of the projects shown on their websites, including those displayed in the Copyrighted Works, originated with the Defendants when in fact those projects shown using the Copyrighted Works originated with Plaintiff;

    B.    That the Spyder 2007 display design which won the Event Design Award was that of the Defendants, when in truth it was that of the Plaintiff;

    C.    That a May, 2008 testimonial from a Bill Ganz (placed adjacent to a photo take within the Copyrighted Works showing an Epson display) purporting to be associated with Epson America was genuine when, in fact, Bill Ganz is not with or from Epson America.

49.    In making the aforementioned false representations on their website(s), Defendants and each of them have engaged in false and deceptive advertising under Cal. Bus.& Prof.C. § 17500, in that potential clients and customers are likely to be deceived into believing that it was the Defendants, rather than Plaintiff, who developed the designs and displays shown therein, and Defendants have undertaken such false and misleading advertising in order to induce potential customers and clients and other members of the public, to retain their services under false pretenses.

50.    As a direct and legal result of the aforementioned false advertising, Plaintiff has suffered  actual harm and injury in fact including loss of monies as a result of lost revenues from existing and new clients.

51.    Pursuant to Cal. Bus. & Prof.C. § 17535, Plaintiff hereby seeks temporary, preliminary and permanent injunctive relief enjoining Defendants and each of them from continuing to make said representations on their websites and compelling their removal of such false and misleading advertising  therefrom.

52.    Plaintiff also seeks restitution of sums lost pursuant to said unfair competition, as well as attorneys fees as may be permitted pursuant to Cal. Code of

Civil Procedure § 1021.5.

WHEREFORE, Plaintiffs prays judgment against Defendants and each of them as follows:

## PRAYER

### On the First Claim for Relief

1. For actual and statutory damages and lost profits in an amount which is presently unknown, but which shall be determined according to proof at trial, pursuant to 17 U.S.C. § 504.

2. For temporary, preliminary, and permanent injunctive relief injunctive relief restraining the Defendants and each of them, as well as their officers, agents, employees, and all other persons acting in concert with them, from engaging in and from continuing to engage in infringing acts in violation of the U.S. copyright laws, pursuant to 17 U.S.C. § 502.

3. For costs and reasonable attorneys expended in bringing this action, pursuant to 17 U.S.C. § 505.

### On the Second Claim for Relief

4. For actual damages for trade secret misappropriation including, but not limited to, lost profits, the profits of the Defendants, and each of them, any unjust enrichment, a reasonable royalty and any other damages and monetary relief provided for by Cal.Civ.C. § 3426.3.

5. For temporary, preliminary, and permanent injunctive relief restraining the Defendants and each of them, as well as their officers, agents, employees, and all other persons acting in concert with them, from engaging in, and continuing to engage in, such misappropriation, is necessary and proper pursuant to Cal. Civ.C. § 3426.2.

6. For punitive and exemplary damages.

### On the Third and Fourth Claims for Relief

7. For restitution according to proof;

8. For temporary, preliminary and permanent injunctive relief restraining

the Defendants and each of them, as well as their officers, agents, employees, and all other persons acting in concert with them, from engaging in, and continuing to engage in, the aforementioned acts of unfair competition, and false advertising, as is necessary and proper pursuant to Cal. B&P.C. §§ 17203 and 17535;

9.    For costs and reasonable attorneys expended in bringing this action, pursuant to Cal. Code of Civil Procedure § 1021.5.

**On all Claims for Relief**

10.    For costs of suit; and

11.    For such other and further relief as may be proper and just.


DATED:    April 24, 2009          THE KNOX-RAPHAEL LAW FIRM

By: _____
LAURA KNOX-RAPHAEL, Attorneys for Plaintiff.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.


DATED:    April 24, 2009          THE KNOX-RAPHAEL LAW FIRM

By: _____
LAURA KNOX-RAPHAEL, Attorneys for Plaintiff.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC., AND JURY TRIAL DEMAND**

**EXHIBIT 1**









19











20

EXHIBIT 2









22





23





25





26





27





**EXHIBIT 3**

**SEE NOTICE OF LODGING OF
EXHIBIT 3, PER L.R. 11-5.1**

**EXHIBIT 4**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VAu 979-726

**Effective date of registration:**

March 5, 2009

## Title

**Title of Work:** PREMIER DISPLAYS' UNPUBLISHED PHOTOS (PADGETT)

## Completion/Publication

**Year of Completion:** 2004

## Author

**Author:** PADGETT & COMPANY, INC.

**Author Created:** photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** PREMIER DISPLAYS & EXHIBITS, INC.

11261 Warland Ave., Cypress, CA, 90630, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** PREMIER DISPLAYS & EXHIBITS, INC.

**Name:** Laura M. Knox

**Email:** lknox@knoxraphael-law.com          **Telephone:** 949-660-1609

**Address:** 9210 Irvine Center Drive

Irvine, CA 92618  United States

## Certification

**Name:** Jay Hudson

**Date:** March 5, 2009

**Correspondence:** Yes

31

**IPN#:**

**Registration #:**   VAU000979726

**Service Request #:**   1-167342401

PREMIER DISPLAYS & EXHIBITS, INC.
Laura M. Knox
9210 Irvine Center Drive
Irvine, CA 92618  United States

32

**EXHIBIT 5**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VAu 979-727**

**Effective date of
registration:**

March 5, 2009

## Title

**Title of Work:** PREMIER DISPLAYS UNPUBLISHED PHOTOS (PREMIER)

## Completion/Publication

**Year of Completion:** 2004

## Author

■   **Author:** PREMIER DISPLAYS & EXHIBITS, INC.

**Author Created:** photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** PREMIER DISPLAYS & EXHIBITS, INC.

11261 WARLAND AVE., CYPRESS, CA, 90630, United States

## Rights and Permissions

**Organization Name:** PREMIER DISPLAYS & EXHIBITS, INC.

**Name:** To Whom it May Concern

**Email:** lknox@knoxraphael-law.com          **Telephone:** 949-660-1609

**Address:** 11261 WARLAND AVE.

CYPRESS, CA 90630  United States

## Certification

**Name:** Jay Hudson

**Date:** March 5, 2009

**Correspondence:** Yes

Page 1 of 1

33

**IPN#:**

**Registration #:**    VAU000979727

**Service Request #:**    1-167342625

Laura M. Knox
9210 Irvine Center Drive
Irvine, CA 92618  United States

34

**EXHIBIT 6**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## PAu 3-381-310

**Effective date of registration:**

April 9, 2009

## Title

**Title of Work:** 2006 BVG Display Video

## Completion/ Publication

**Year of Completion:** 2006

## Author

**Author:** PREMIER DISPLAYS & EXHIBITS, INC.

**Author Created:** entire motion picture

**Work made for hire:** Yes

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** PREMIER DISPLAYS & EXHIBITS, INC.

11261 WARLAND AVE., CYPRESS, CA, 90630, United States

## Rights and Permissions

**Organization Name:** PREMIER DISPLAYS & EXHIBITS, INC.

**Name:** To Whom it May Concern

**Email:** lknox@knoxraphael-law.com          **Telephone:** 949-660-1609

**Address:** 11261 WARLAND AVE.

CYPRESS, CA 90630  United States

## Certification

**Name:** JAY HUDSON

**Date:** March 12, 2009

**Correspondence:** Yes

Page 1 of 1

35

**IPN#:**

**Registration #:**   PAU003381310

**Service Request #:**   1-169653861

Laura M. Knox
9210 Irvine Center Drive
Irvine, CA 92618  United States

36

**EXHIBIT 7**

LAW OFFICES OF

## EUGENE V. ZECH

TELEPHONE NUMBER
(949) 851-8036

1500 QUAIL STREET, SUITE 460

NEWPORT BEACH, CALIFORNIA 92660

FACSIMILE NUMBER
(949) 851-8954

May 28, 2008

David Cogswell
5101 E. Elsinore Avenue
Orange, CA 92869

Re:   Premier Displays & Exhibits
      Misleading/Misrepresentations: On-line profiles

Dear Mr. Cogswell:

Please be advised that this office represents Premier Displays & Exhibits.

My client has reviewed the information that you have posted on the internet at coroflot.com and
linkedin.com and is concerned because the information that you have provided is either
misleading or not true.

With regards to the coroflot.com site my client noted the following issues:

    1.    Profile:   You state that you designed "all projects that came from that
office, including the ones you see in my portfolio..."

    The fact is that you were not the only designer working for Premier, therefore, not all the
designs are yours as you have misrepresented.
    You further implied that you were the sole designer for those projects displayed in your
portfolio.  With regards to Nike Brand Jordan you were one of the designers.  With regards to
Disney Interactive Studios, you were only one of the designers.

    2.    Portfolio images:   Be advised that images 3, 4, and 5 on the "Award Winning
Designs" portray work that belongs to Premier and its client.

    That images 2 and 4 on the "Thematic Display" portray works that belong to
Premier and it's client.
    In that you have not obtained releases for your personal use of my client's work,
demand is hereby made that you immediately remove these images from these sites.

    3.    Profile:   You make the claim that there was/is "poor management structure" at
Premier which claim is totally untrue and thus a misrepresentation on your part.  This amounts to
trade libel/slander and demand is made that this comment be immediately removed from the site.

David Cogswell
May 28, 2008
Page 2

In the event it is not removed immediately, then my client will be forced into commencing litigation to protect its reputation in the business community. Obviously, if forced to take this action the truth will come out as to the reasons behind your termination at Premier as the malicious motivating revenge factor for your actions.

     4.    Profile:  You claim as your "Client" Nike Brand Jordan and Disney Interactive Studios. When you performed design work for these entities they were "clients" of Premier, NOT you as you have misrepresented. They were not your "Clients".

With regards to linkedin. Com:

     1.    You claim that you were the "Head Designer for all Creative Direction for Trade Shows..." The fact is that you were one of a number of designers working for Premier and your title was Creative Director/Account Manager.

     You imply that you held this inflated position at Premier for five years. In fact you signed your contract on November 1, 2004 and terminated for cause on April 1, 2008, a period of 3 years, 5 months. You were hired as a Creative Director/Account Manager. You did work prior to that term, approximately 6 years ago, as a designer.

My client's concern is that their good reputation in the community is maintained, and, to the extent their name is associated with someone else's advertising, that the material in such advertising is true and accurate. It is hoped that you will immediately address the issues presented in this correspondence. In the event you elect not to address these issues, then my client will be forced to take whatever action it deems necessary and appropriate to protect it's business interests.

Sincerely,

LAW OFFICE OF EUGENE V. ZECH

EUGENE V. ZECH

EVZ/mc

cc:    Premier Displays & Exhibits

38