UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Denying Plaintiff's Motion for reconsideration re Judgment (Fld 1-25-10) ; Denying Plaintiff's Motion to Augment the Record; and Denying Defendant EWI Worldwide's Motion for Attorney Fees (fld 2-1-10)**

Plaintiff Premier Displays & Exhibits, Inc. ("Premier") moves for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) of the Court's December 23, 2009 order granting summary judgment for Defendant EWI Worldwide ("EWI"). (Docket No. 141.) Premier also seeks leave to augment the record, under Rule 60(b), with deposition testimony that it failed to present in opposition to EWI's summary judgment motion. EWI opposes both motions.

EWI moves separately for attorneys' fees pursuant to California Civil Code section 3426.4 on the grounds that Premier brought this trade secret misappropriation suit against EWI in bad faith. Premier opposes.

I.   PROCEDURAL BACKGROUND

On November 30, 2009, EWI moved for summary judgment on the following grounds, among others: (1) the alleged trade secret was created by EWI and not David Cogswell ("Cogswell") because Cogswell just traced over an EWI design; (2) Cogswell's additions to the EWI design could not be a trade secret because they were commonly known; and (3) Premier could not demonstrate ownership of the drawing created by Cogswell, its employee. (See Docket No. 110.) Premier filed an opposition brief arguing that: (1) even if Cogswell traced the EWI design, Premier could still have a trade secret in the details Cogswell added; (2) it did not matter if EWI knew of the ideas contained in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

sketches prior to the alleged misappropriation; and (3) Premier had ownership of the Cogswell sketches under California Labor Code section 2860, under the terms of the Premier Employee Orientation Handbook ("EOH"), under a unwritten formal company policy at Premier, and under the corporate opportunity doctrine. (See Docket No. 134.) In its opposition papers, Premier did not argue that Cogswell had created the sketches independently of EWI's computer renderings. (See id.)

At the hearing on December 21, 2009, Premier argued, for the first time, that Cogswell had created the sketches prior to EWI's computer renderings. Premier pointed to excerpts from Cogswell's deposition testimony indicating that he had discussed tracing the computer renderings with his wife on a Saturday. Premier argued that, because time-stamps on emails showed that EWI had emailed the computer renderings to Cogswell's wife on Wednesday and Cogswell had emailed his sketches to EWI on Friday, the Court was required to infer that Cogswell had created the first sketch on the prior Saturday, presumably just after the discussion. Therefore, because that sketch was created before EWI emailed the computer renderings to Cogswell's wife, a triable issue of fact existed as to whether Cogswell copied EWI's sketches or vice versa.

The Court granted summary judgment for EWI on the grounds that (1) no triable issue of fact existed as to the fact that Cogswell traced the EWI sketches; (2) most of the details added by Cogswell were matters of common knowledge; and (3) even as to those details which could potentially be trade secrets, Premier had no claim of ownership of the ideas. (Docket No. 141.) Pursuant to the ownership issue, the Court found Premier's declaration establishing the formal unwritten policy to be a sham affidavit because it contradicted the declarant's prior testimony in a Rule 30(b)(6) deposition, prior representations in discovery, and Premier's counsel's own representations regarding the ownership issue. (Id. at 12-17.)

Now before the Court is Premier's motion to add to the record deposition testimony that it failed to present during the summary judgment proceedings and motion for reconsideration of the Court's order granting summary judgment. EWI, meanwhile, moves for attorneys' fees on the grounds that Premier initiated and maintained this lawsuit in bad faith.

II.     MOTION TO AUGMENT THE RECORD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

    A.    <u>Legal Standard</u>

    Premier seeks to augment the record on summary judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which provides, in relevant part:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> ...
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    B.    <u>Discussion</u>

    On its Motion to Augment the Record, Premier seeks (1) to introduce new evidence that was not before the Court on summary judgment, and (2) to add to the record the declaration by Stephen Amato (the "Amato Declaration") which the Court disregarded as a sham declaration. Premier argues that (1) its new evidence establishes that the Court's erred in its factual determination that Cogswell traced the EWI renderings, and (2) that the Court erred as a matter of law in finding the Amato declaration to be a sham declaration.

    Premier's motion is, in essence, a motion for reconsideration based on new evidence and the Court's alleged legal error. Under the Local Rules:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-354 JVS (ANx)  Date  March 3, 2010

Title  Premier Displays & Exhibits v. David Cogswell, et al.

at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### 1. New Deposition Evidence

Premier does not argue that the new evidence arose after the Court's order nor does it argue that it could not have discovered the evidence prior to the summary judgment proceedings. Indeed, the new evidence is taken from the same depositions from which the excerpts presented on summary judgment were taken. It is clear that the new evidence was easily discoverable by Premier prior to summary judgment.

Rather, Premier argues that its omission of the evidence on summary judgment was due to excusable neglect because it could not have anticipated that the Court would not accept as reasonable its proffered interpretation of the evidence actually presented. Putting aside for the moment whether the Court's findings in the summary judgment order were erroneous, the Court cannot allow a party to present more evidence _after_ the summary judgment order. A motion for reconsideration "may _not_ be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Considerations of efficiency and fairness demand that a party raise its arguments and evidence at the appropriate time—here, in opposition to EWI's summary judgment motion. Premier cannot be allowed to hold evidence in its back pocket, to be pulled out only if the Court does not rule in its favor. See Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

There being no good reason to consider the newly presented evidence, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-354 JVS (ANx)                                      Date   March 3, 2010

Title      Premier Displays & Exhibits v. David Cogswell, et al.

denies the motion to augment the record.[1]

      2.      The Amato Declaration

Premier argues that the Court erred in finding the Amato Declaration to be a sham declaration because it erroneously construed the Employee Orientation Handbook to be fully integrated and because EWI raised the sham declaration issue for the first time in its reply brief. Both arguments are off the mark.

First, the Court never construed the Employee Orientation Handbook as fully integrated.[2] The Court's holding was that the Amato Declaration, attesting to the existence of a unwritten formal policy, conflicted with Amato's Rule 30(b)(6) deposition testimony, Premier's counsel's statements about its ownership contentions, and Premier's interrogatory responses. (Docket No. 141 at 16-17.) Because this conflicting ownership argument was raised for the first time in opposition to EWI's summary judgment motion, the Court found it to be a sham affidavit. The Court's finding had nothing to do with any construction of the EOH. Indeed, had Premier disclosed the alleged unwritten formal policy during discovery, the sham affidavit rule would not have applied.

---

[1] Although the Court need not reach the issue, the Court notes that Premier's new evidence would not create a triable issue of fact because Cogswell consistently testifies that he traced the EWI computer renderings. (See Mot. to Augment Record, Ex. 1 at 15:11-24, 16:16-17, 19:17-20:6.) At best, Premier has pointed out an inconsistency with Cogswell's timeline; he said he did the sketch and emailed it to Carter Lee on a Saturday, while the email time stamps show the sketch was emailed on a Friday. However, on summary judgment, it's not enough to show an inconsistency in EWI's evidence; Premier must present evidence showing, through direct evidence or reasonable inference, that Cogswell created the sketch independently of the EWI renderings. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). It cannot meet that burden by pointing to testimony where Cogswell consistently says the opposite.

[2] In their opposition to EWI's motion for attorneys' fees, Premier notes a typographical error in the Court's order on summary judgment in the citation to Miller v. Glenn Miller Prods., Inc., 454 F.3d 975 (9th Cir. 2006), which the Court cited for the proposition that "[i]nterpretation of a contract is proper on summary judgment if the meaning is unambiguous." (Docket No. 141 at 12 n.9.) Premier asserts that Miller did not involve a question of contractual interpretation. On the contrary,—and the Court quotes instead of paraphrasing this time—the opinion states: "If, after considering the language of the contract and any admissible extrinsic evidence, the meaning of the contract is unambiguous, a court may properly interpret it on a motion for summary judgment." Miller, 454 F.3d at 990.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 09-354 JVS (ANx)                                      Date  March 3, 2010

Title  Premier Displays & Exhibits v. David Cogswell, et al.

Second, the argument that application of the sham affidavit rule was unfair because it was raised in EWI's reply brief is facetious. The sham affidavit rule applies only where a suspect affidavit is raised for the first time in opposition to summary judgment. Thus, an objection can only ever be brought in a reply brief. Moreover, Premier actually did respond to EWI's assertion of the sham affidavit rule in its Response to Defendant's Objections to Plaintiff's Evidence (Docket No. 133), which the Court cited in the summary judgment order (Docket No. 141 at 14-16 & n.12).[3]

Accordingly, Premier's motion to augment the record with Amato's declaration regarding the formal unwritten ownership policy is denied.

### III. MOTION FOR RECONSIDERATION

#### A. Legal Standard

A party may seek reconsideration under Rule 59(e), as "a motion to alter or amend a judgment, or under Rule 60(b), as a motion to "relieve a party ... from a final judgment, order, or proceeding." See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). As set forth above, the Local Rules limit the scope of a reconsideration motion to newly discovered evidence or law, a change in the evidence or law, or a manifest failure of the Court to consider the evidence presented. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id.

#### B. Discussion

Premier seeks reconsideration of the Court's summary judgment order on the grounds that the Court committed clear legal error and rendered a decision that was manifestly unjust in the following respects: (1) not drawing reasonable inferences in favor of Premier, the non-movant on summary judgment, with regard to whether Cogswell copied the EWI renderings; (2) parsing the details added by Cogswell to the EWI design instead of considering the design as a whole; (3) finding the corporate opportunity doctrine inapplicable to Premier's ownership claim; and (4) applying the

---

[3] Furthermore, Premier itself asserted the sham affidavit rule in its Objections to Evidence Offered By Defendant, filed after EWI's reply brief. (Docket No. 132.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

sham declaration rule to the Amato Declaration. The Court will consider each argument in turn.

        1.      The Creation of the Cogswell Sketch

Premier argues that the Court erred in not crediting the interpretation of certain evidence that Premier contended established that Cogswell created the preliminary sketch prior to EWI's computer renderings. At issue is deposition testimony by Cogswell regarding a discussion he had with his wife about doing the sketch:

Q. What did you discuss with your wife?

A. My wife asked me if I was – would I like to try and do a drawing over the top of an existing computer rendering just for the fun of it on a Saturday morning.

Q. Did your wife tell you anything else about the computer – computer rendering that Saturday morning, other than inquiring whether you would like to do a drawing over the top of it?

A. I don't recall.

. . .

Q. What was the date of the Saturday morning that your wife discussed this computer rendering with you?

A. I don't recall.

Q. Would it be fair to say that it was sometime prior to your transmission of your own hand drawings to Carter Lee.

A. It would be fair to say that, yes.

(Mot. to Augment Record, Ex. 1 at 15:10-17:13.) Premier interpreted this statement as establishing that Cogswell actually created the sketch on the Saturday, rather than just

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

discussing it.  Other evidence established that EWI emailed the computer renderings to Cogswell's wife on March 18 and 19, 2008, a Tuesday and Wednesday, and Cogswell emailed the sketch to EWI on March 21, 2008, a Friday.  Premier argued that, because Cogswell said he created the sketch on a Saturday, he must have created it on March 15, 2008, prior to receiving the EWI renderings.

However, Premier's interpretation of the deposition testimony created a logical impossibility.  If he had drawn the sketch on Saturday, March 15, 2008, and sent it to Carter Lee on Friday March 21, 2008 (as the uncontested evidence demonstrated), EWI could not possibly have copied Cogswell's sketch for their computer renderings because they unquestionably existed on March 18 and 19, 2008.  The Court, noting the logical impossibility of Premier's time line, found that Premier's interpretation of the deposition testimony unreasonable and not sufficient to create a triable issue of fact.  The Court noted that Cogswell only actually stated that he discussed the sketch on a Saturday and says nothing about creating it.

Premier contends that the Court was required to accept its interpretation on summary judgment.  On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (emphasis added).  "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Ricci v. DeStefano, --- U.S. ----, 129 S.Ct. 2658, 2677 (June 29, 2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  Thus, considering the evidence as a whole, the Court found that the only reasonable and rational interpretation of Cogswell's deposition testimony was that he just discussed the sketch with his wife on that Saturday and did not actually create it at that time.  Premier presents no new argument that would disturb that finding.[4]  No reasonable jury could find that Cogswell created the sketches on

---

[4] On closer inspection, the Court notes a further problem with Premier's interpretation.  Nothing that Cogswell says establishes that he ever created a drawing independent of the EWI renderings.  Cogswell says that his wife asked him if he would "like to try and do a drawing over the top of an existing computer rendering just for the fun of it on a Saturday morning."  (Mot. to Augment Record, Ex. 1 at 15:11-14 (emphasis added)).  Premier's theory requires one to infer not only that Cogswell

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

his own, without the EWI computer renderings.

Premier also contests the Court's finding that either the Cogswell sketch must have been traced from the computer renderings or vice versa because they depict the same space from the exact same perspective. The Court sees no reason to disturb that finding. No reasonable jury could find that the sketch and the computer renderings were created independently of each other.

        2.     Parsing the Details of Cogswell's Sketch

Premier argues that the Court erred in "parsing" the details that Cogswell added to the computer renderings he traced over, and considering each of those details as "common public knowledge" unprotectable by trade secret law. (Docket No. 141 at 8-9.) Premier is correct that it would be error to parse individual elements of an idea that derived its value from a specific combination or arrangement. For example, a court should not deny trade secret protection to a particular electronic circuit design because each transistor or capacitor was a matter of common knowledge. Important information is derived from the combination of individual elements.

That is not, however, the case here. There is no special connection or relationship between the artwork on the walls, the handles on the doors, the stools, or any of the other common details Cogswell filled in, except the fact that they happen to be in the same space—the space designed by EWI. The only connection or relationship between the elements is EWI's structure. Thus, it is necessary to parse the elements that Cogswell added to determine whether any information conveyed by them is protectable as a trade secret.

Moreover, Premier's position is foreclosed by Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 465-66 (9th Cir. 1990), cited by the Court in the summary judgment order. (Docket No. 141 at 8-9.) There, the plaintiff contended that its combination of otherwise obvious job-search techniques was a trade secret. See id. at 465. The Ninth Circuit rejected the contention on summary judgment, finding that a

---

created the sketch on a Saturday morning, which he does not say, but also that he created the sketch on his own without a computer rendering, which he also does not say. Those inferences are simply not reasonable on this evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-354 JVS (ANx)   Date   March 3, 2010

Title   Premier Displays & Exhibits v. David Cogswell, et al.

combination of obvious techniques could not constitute a trade secret. Id. at 465-66. Likewise, Cogswell's "combination" of obvious design elements cannot constitute a trade secret because they are a matter of common knowledge.

### 3. Corporate Opportunity Doctrine

Premier contends that the Court erred for finding that the corporate opportunity doctrine did not entitle Premier to claim ownership over the sketch created by Cogswell. Premier's argument simply repeats its argument presented on summary judgment, and therefore presents no grounds for reconsideration. L.R. 7-18.

As discussed in the summary judgment order, the remedy under the corporate opportunity doctrine is a constructive trust on "all benefits [improperly] obtained by [the fiduciary]." Industrial Indem. Co. v. Golden State Co., 117 Cal. App. 2d 519, 534 (Ct. App. 1953). Premier has presented no authority holding that a corporation may place a constructive trust over something created by a fiduciary.[5] Indeed, such a rule would threaten to swallow the well-established rules governing employee works-for-hire in the patent and copyright contexts. See, e.g., Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 877-78 (9th Cir. 2005); Banks v. Unisys Corp., 228 F.3d 1357, 1359 (Fed. Cir. 2000).

### 4. The Amato Declaration

---

[5] Premier faults the Court for not addressing Jacobs v. Transocean Entertainment, 99 F.3d 1146 (9th Cir. 1996). Jacobs is an unpublished Ninth Circuit disposition from 1996, and as such, is not precedent and "may not be cited to or by the courts of this circuit." See id.; 9th Cir. R. 36-3. The Court cites it now only to illustrate that point.

Even if the Court could cite Jacobs, which it may not, the case does not support Premier's position. In Jacobs, the employees purchased the option for a copyright, usurping their employers business opportunity. 99 F.3d at *1. Because the benefit that the employees received was the copyright itself, the employer could claim a constructive trust on the copyright. Id.

This case presents the reverse situation. Cogswell created the sketch and transferred it to a third party, presumably for a fee  Thus, under the corporate opportunity doctrine, and Jacobs, Premier could only get a constructive trust on any payment Cogswell received.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

    Finally, Premier argues that the Court erred in applying the sham affidavit rule to the Amato Declaration. Premier argues that the Court impermissibly construed the EOH as fully integrated. As discussed above, the Court did no such thing.

    Premier also argues that the Amato Declaration did not contradict his Rule 30(b)(6) deposition testimony. The Court considered this argument in its motion for summary judgment, and sees no reason to reconsider its conclusion. L.R. 7-18. Despite repeated questioning regarding Premier's basis for claiming ownership, Amato never identified a formal unwritten policy. For example:

> Q. You said that when a manager of yours creates a sketch that's used by a competitor it's your sketch; right?
>
> A. I did say that, yes.
>
> Q. Can you point to any support for that statement other than your own personal belief?
>
> [Objection omitted.]
>
> A. Honesty, honesty.

(Mot. to Augment Record, Ex. 1 at 111:19-112:3.) Upon direct questioning, Premier's counsel also failed to reveal the formal unwritten policy. It was not until EWI filed a motion for summary judgment that Premier revealed the existence of the unwritten formal policy.

### IV. MOTION FOR ATTORNEYS' FEES

    EWI moves for an award of attorneys' fees under California Civil Code section 3426.4, which provides that "[i]f a claim of misappropriation is made in bad faith ... the court may award reasonable attorney's fees and costs to the prevailing party." The statute is intended to serve "as a deterrent to specious trade secret claims," giving the Court broad discretion in awarding fees. FLIR Sys., Inc. v. Parrish, 174 Cal. App. 4th 1270, 1275 (Ct. App. 2009). "[S]anctions may be awarded for the bad faith filing or maintenance of a groundless action." Id. at 1283 (emphasis in original). "Bad faith" is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

determined by a two-prong test: "(1) objective speciousness of the claim, and (2) subjective bad faith in bringing or maintaining the action, i.e., for an improper purpose." Id. at 1275.

"Objective speciousness exists where the action superficially appears to have merit but there is a complete lack of evidence to support the claim." Id. at 1276. As evidence of the speciousness of Premier's trade secret claim, EWI points to Premier's inability to articulate a viable theory of ownership over the Cogswell sketches. Ownership of a trade secret is an essential element of a prima facie misappropriate case. See Cal. Civ. Code 3426.1(b). On summary judgment, Premier raised four ownership theories: (1) California Labor Code section 2860; (2) the EOH; (3) an unwritten formal company policy; and (4) the corporate opportunity doctrine.

Premier's claim under Section 2860 is clearly specious. The plain language of that statute applies to things an employee "acquires," not things the employee "creates." There is case law directly on point, contrary to Premier's position. Williams v. Weisser, 273 Cal. App. 2d 726 (Ct. App. 1969). Likewise, Premier's claim based on the EOH is specious, as nothing in the EOH presents even a colorable claim that an employee's creations would be company property. (See Docket No. 141 at 11-12.)

The claim based on the unwritten formal company policy might not have been specious had it not been raised for the first time in opposition to EWI's motion for summary judgment and directly contradicted Premier's assertions during discovery that their ownership theory was based only on Section 2860, the EOH, and, later, the corporate opportunity doctrine. However, as it was raised for the first time in a sham declaration, the Court may not consider it as evidence that Premier had a viable ownership claim.

However, the Court finds that Premier's assertion of the corporate opportunity doctrine does not reach the high bar (or, perhaps more appropriately, low bar) of speciousness. There is no case law directly on point stating that an employer may not use the corporate opportunity doctrine to assert a constructive trust on the items an employee creates.[6] Courts are generally reluctant to find an argument specious where it raises a novel issue. Costco Wholesale Corp. v. Hoen, 538 F.3d 1128, 1135-36 (9th Cir. 2008);

---

[6] There is, of course, no case law supporting such a theory either.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-354 JVS (ANx) | Date | March 3, 2010 |
| Title | Premier Displays & Exhibits v. David Cogswell, et al. | | |

Operating Engineers Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347, 1356 (9th Cir. 1990) ("To call this type of [novel] argument frivolous, rather than limiting that term to cases where the appellant's position makes no logical sense or is already clearly rejected by current law, would discourage novel approaches to and the growth of the law.") And although Jacobs does not directly support Premier's position and may not be cited by this or other district courts in the Ninth Circuit, Premier's reliance on Jacobs to advance the argument raises it to the "colorable" level.

Moreover, the Court specifically granted Premier leave to amend to add its corporate opportunity theory. In doing so, the Court found that the claim was not futile and that "Premier ha[d] stated a plausible claim for a constructive trust." (Docket No. 131 at 3-4.) Although the Court ultimately concluded on summary judgment that the corporate opportunity doctrine cannot be applied to claim ownership of intellectual property created by an employee, the theory is not completely frivolous.

Although some of its theories were clearly stronger than others, Premier's basic ownership claim was not objectively specious. Accordingly, EWI is not entitled to attorneys' fees. The Court need not reach the issue of whether there is evidence of Premier's subjective bad faith.

V.   CONCLUSION

For the foregoing reasons, Premier's motion to augment the record and motion for reconsideration are both DENIED. EWI's motion for attorneys' fees is also DENIED.

IT IS SO ORDERED.

| | | | |
|---|---|---|---|
| | | 00 | : 00 |
| | Initials of Preparer | kjt | |